**Neal A. PEARSON, Plaintiff—Appellant,**

v.

**PROVIDENT LIFE & ACCIDENT INSURANCE, a Tennessee corporation, Defendant—Appellee.**

No. 02–35563.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 2003.

Decided April 7, 2003.

BEFORE: O'SCANNLAIN, FERNANDEZ and FISHER, Circuit Judges.

### MEMORANDUM *

Neal Pearson appeals from the grant of summary judgment in favor of Provident Life & Accident Insurance Company on his claim alleging he was wrongfully denied occupational disability benefits under his insurance policy. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the grant of summary judgment de novo and we reverse and remand.[1]

Provident contends Pearson is not entitled to benefits because he failed to show that he is unable to perform the substantial and material duties of the occupation of chief executive officer of a food processing company. We disagree. There remains a material dispute of fact as to whether Pearson is capable of performing the duties of the occupation, rather than merely the particular job at Enway, given the unusual and noncustomary way he performed that job. *McHorse v. Portland Gen. Elec. Co.*, 268 Or. 323, 521 P.2d 315, 317 (1974); *cf. Gammill v. Provident Life & Accident Ins. Co.*, 346 Ark. 161, 55 S.W.3d 763, 768 (2001) (reliance on co-workers may be sufficiently unusual and noncustomary to render individual disabled). Pearson testified his disability rendered him incapable of working during normal business hours and handling stressors common to the occupation as those stressors arose. Taking the evidence as a whole and in the light most favorable to Pearson, his statement that he was "get[ting] the job done" could mean that he was able to address only routine aspects of his work rather than the material and substantial duties of a CEO, such as on-site executive management and supervision, problem resolution and interaction with customers, suppliers and regulatory agencies. Moreover, at least some of Provident's own psychiatrists suggested that Pearson's condition left him capable of performing work as a consultant rather than as a CEO.

We express no opinion on whether summary judgment would be appropriate on the issue of adequate care. Neither party addressed the issue before the district court and Provident urges that the district court did not base its decision on this issue.

### REVERSED and REMANDED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Pearson does not argue the district court improperly denied his own motion for summary judgment and thus we do not review that determination.